## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CAPITALKEYS, LLC,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | No. 1:15-cv-02079-KBJ |
| ) | |
| v. ) | **DEFENDANT CENTRAL BANK OF** |
| ) | **THE DEMOCRATIC REPUBLIC OF** |
| **DEMOCRATIC REPUBLIC OF CONGO,** ) | **THE CONGO'S MOTION FOR** |
| *et al.,* ) | **EXTENSION OF TIME** |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT CENTRAL BANK OF THE DEMOCRATIC REPUBLIC OF THE CONGO'S MOTION FOR EXTENSION OF TIME TO MOVE TO MODIFY OR SET ASIDE DEFAULT JUDGMENT

Pursuant to this Court's Rule 5(b), Defendant Central Bank of the Democratic Republic of the Congo ("Central Bank") moves this Court for an extension of time in which to move for an order modifying or setting aside the Court's entry of default judgment against it to Friday, February 15, 2018.  In support of its Motion, the Central Bank states as follows:

1.      Plaintiff CapitalKeys alleges in this litigation that defendants Central Bank and the Democratic Republic of Congo breached contractual obligations owed to it, were unjustly enriched, and cost CapitalKeys business opportunities.  For relief, CapitalKeys seeks damages in excess of $20 million.

2.      On October 6, 2017, the Court entered a default judgment against both defendants in the amount of $12,919,554.66.  In that Order, the Court further provided that "any party may move for an order modifying or setting aside this default judgment for good cause pursuant to Federal Rule of Civil Procedure 55(c)" on or before December 17, 2018.  (Dkt. #35.)  The

Court's Order thus provided an opportunity for one or both of the defendants to participate and defend their interests in the litigation by seeking to modify or set aside the default judgment.

3.      The Court may grant an extension of this deadline that it set for good cause.  Fed. R. Civ. P. 6(b); Court Rule 5(b).  The "good cause" standard is not a high one given "this Circuit's strong preference in favor of resolution of genuine disputes on their merits."  *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014).  Accordingly, "good cause" just "means a valid reason for delay."  *Id.*

4.      Here, there are valid and substantial reasons for the Court to extend the time for the Central Bank to move for an order modifying or setting aside the Court's entry of default judgment.  While undersigned counsel appreciates this matter has been pending for some time, the Central Bank has vital interests in jeopardy in this action and has not been represented by counsel at any point thus far.  Undersigned counsel was just engaged today, however, to represent and defend the Central Bank in these proceedings, and accordingly entered a notice of appearance contemporaneously with filing this motion for relief from the current deadline.

5.      In its October 6, 2017, Order, the Court sought to provide the defendants an opportunity to modify or set aside the substantial default judgment entered against them.  Now that the Central Bank is represented by counsel in this matter, its counsel should have an opportunity meaningfully to participate on its behalf in these proceedings and address the default judgment against it as the Court contemplated.  That is consistent with the Court's Order and advances the core interests of fairness and justice that underpin our adversarial system.

6.      In order for counsel to defend the Central Bank in this action, and to move to modify or set aside the default judgment on its behalf, counsel needs and respectfully requests additional time to review the status of the litigation and related filings and materials and

investigate procedural and other issues as well as the claims alleged and potential defenses. Additional time is particularly necessary given the advanced stage of these proceedings and that the Central Bank, with whom counsel will need to confer extensively, is a foreign entity whose personnel and representatives speak a foreign language and are located in a faraway time zone. Relevant documents are also likely to be written in a foreign language and located abroad.

7.     These circumstances present "good cause" for an extension and valid reasons for a modest delay.  *See McFadden v. Washington Metropolitan Area Transit Authority*, No. 14-1115, 2014 WL 12776122, at *2 (D.D.C. 2014) (finding good cause for extension of time to evaluate "complicated" and "time-consuming" complaint).  Indeed, allowing the Central Bank additional time it needs fully and completely to defend its interests and address the default judgment entered against it in this action ultimately serves "the interest of United States' foreign policy to encourage foreign states to appear before our courts." *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1552 (D.D.C. 1987).  For "[w]hen a defendant foreign state has appeared and asserts legal defenses, albeit after a default judgment has been entered, it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of all relevant legal arguments."  *Id.*

8.     In light of the complex nature of these proceedings, their advanced stage, and the vital interests of the foreign Central Bank at stake, the Central Bank respectfully requests a 60-day extension of time in which to move for an order setting aside the Court's entry of default judgment against it, up to and including Friday, February 15, 2018.  The Central Bank will at that time be prepared to move both to set aside the Court's entry of default judgment, and, if the Court allows it, to file an answer or other responsive pleading in this case.

9.     This is the first extension of time requested by the Central Bank.

10.     This motion only impacts the Court's December 17, 2018, deadline.  There are no other deadlines pending in this matter.

11.     Plaintiff will not be prejudiced by a 60-day extension of time for the Central Bank to seek an order modifying or setting aside the default judgment entered against it.  This matter has been pending for some time, and an additional 60 days for the Central Bank to address the Court's Order will not unduly delay the resolution of this matter or otherwise prejudice Plaintiff's interests.  *See McFadden*, 2014 WL 12776122, at *3 (holding extension of time appropriate where it would neither impact other deadlines nor prejudice plaintiff).  Given the Central Bank has not been represented by counsel in this litigation to date despite its vital interests in the outcome, any possible prejudice to Plaintiff from a modest delay is far outweighed by the prejudice and injustice to the Central Bank from denying it an opportunity meaningfully to participate and defend itself through counsel.

12.     Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for Plaintiff on December 10, 2018.  Opposing counsel does not consent to this Motion.

Dated:  December 13, 2018

By:     /s/ *Paul Werner*
_____

Paul Werner (D.C. Bar No. 482637)
Hannah Wigger (D.C. Bar No. 208851)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
*pwerner@sheppardmullin.com*
*hwigger@sheppardmullin.com*

*Attorneys for Defendant Central Bank of the Democratic Republic of Congo*

## CERTIFICATE OF SERVICE

On December 13, 2018, I electronically filed the foregoing document through the

CM/ECF system, which will send a notice of electronic filing to the attorneys of record.


*/s/ Paul A. Werner*
Paul A. Werner